A90A2305. CITY GROUP, INC. et al. v. EHLERS.
(402 SE2d 787)

BANKE, Presiding Judge.

The appellee, Ehlers, brought this action to collect the balance allegedly due on a promissory note executed by one of the appellants, City Group, Inc., and guaranteed by the other appellant, Gresham. Both appellants denied liability, and, in addition, City Group filed a counterclaim seeking damages for the appellee's alleged breach of a severance agreement executed contemporaneously with the promissory note. The case is before us on appeal from the grant of Ehlers' motion for summary judgment.

The note and severance agreement were executed in connection with Ehlers' resignation as president of City Group. The agreement obligated City Group to pay him $20,000 immediately and to give him a promissory note for an additional $80,000, payable in eight monthly installments of $10,000. The agreement further provided that the parties would "refrain from any disparagement of the character, personal, professional or business conduct, and personal, professional or business activities of each other. . . ."

City Group made the first three monthly payments called for by the note but failed to make the fourth payment. City Group and Gresham contend that they are not obligated for the balance because Ehlers violated the "no disparagement" clause in the agreement by

making certain "false and disparaging" comments concerning them which were reported in an article appearing in the *Atlanta Business Chronicle*. In this article, the appellee was quoted as saying that he had resigned from City Group due to "philosophical differences." He continued: "I didn't agree with the partners. It was hard to define the direction of the company. (Gresham) had other outside interests, and it was politics. Legislators don't have the luxury of going to the legislature for a few months and that's it. It's a demanding job." City Group seeks in its counterclaim to recover for loss of business it allegedly suffered as a result of these comments. The trial court granted summary judgment to the appellee based on a determination that the comments could not be considered disparaging. *Held*:

1. The term, "disparagement," is defined in Webster's Third New Intl. Dictionary (1961) as "diminution of esteem or standing and dignity; disgrace . . . , the expression of a low opinion of something; detraction. . . ." We must agree with the trial court that there is no reasonable interpretation of the comments attributed to Ehlers which could be considered disparaging. He had quite evidently been asked by the reporter to explain his reasons for leaving the company, and the reasons he gave neither demeaned the company nor suggested a low opinion of any of its remaining personnel. Indeed, the effect would undoubtedly have been more disparaging had he answered the reporter's questions with a simple, "no comment," rather than responding to it as he did. Accordingly, we hold that the trial court did not err in granting summary judgment to the appellee.

2. The appellee has moved for imposition of damages against the appellants pursuant to OCGA § 5-6-6 for filing a frivolous appeal. Although we find no merit in the appeal, we do not find it so devoid of arguable merit as to warrant the conclusion that it was filed for delay only. Accordingly, the motion is denied.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 25, 1991.

*Cofer & Beauchamp, Charles V. Choyce, Jr., Bryant K. Smith,* for appellants.

*Harman, Owen, Saunders & Sweeney, Timothy J. Sweeney, David C. Will,* for appellee.